UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK T. RHEA AND REBECCA S. RHEA,<br>Plaintiffs,<br>v.<br>FCA US, LLC; and DOES 1through 10, inclusive,<br>Defendants. | Case No.: 25cv2163-LL-SBC<br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br>[ECF No. 22] |

This matter is before the Court on a Motion for Judgment on the Pleadings by Defendant FCA US, LLC. ECF No. 22. The Motion was filed and served on June 15, 2026, with a noticed hearing date of July 20, 2026. ECF No. 22. As of this date, Plaintiffs have failed to file an Opposition, and Defendant filed a Notice of Non-Opposition. *See* Docket; *see also* ECF No. 24. The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1.

Civil Local Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." S.D. Cal. Civ. R. 7.1(f)(3)(c). District courts have broad discretion to enact and apply local rules,

including dismissal of a case for failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). Before dismissing an action for failure to comply with local rules, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Pursuant to Civil Local Rule 7.1(e)(2) and the undersigned's Civil Chambers Rules, Section 3, Plaintiffs opposition or statement of non-opposition was due no later than July 6, 2026. S.D. Cal. Civ. R. 7.1(e)(2) ("[E]ach party opposing a motion . . . must file that opposition or statement of non-opposition . . . no[] later than fourteen (14) calendar days prior to the noticed hearing.") (emphasis removed); Linda Lopez, U.S. District Judge, Civil Chambers Rule 3.B (hereinafter "Chambers Rules") ("Opposition . . . briefs are due based on the noticed hearing date.") (citing S.D. Cal. Civ. R. 7.1(e)). Almost two months have passed since Plaintiffs' response deadline, and no opposition or statement of non-opposition has been filed. Plaintiffs' failure to oppose constitutes Plaintiffs' consent to granting the Motion. S.D. Cal. Civ. R. 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion . . . ."); Chambers Rules, Section 3.J ("An opposing party's failure to file an opposition to any motion may be construed as consent to the granting of the motion . . . .").

Based on the Court's review of the pleadings and the docket in this case, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of

granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-cv-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x, 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition). In sum, the majority of the *Ghazali* factors weigh in favor of dismissal.

Accordingly, it is hereby **ORDERED** that Defendant FCA US, LLC's Motion for Judgment on the Pleadings (ECF No. 22) is **GRANTED** based on the lack of opposition and the reasons set forth herein. The Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Honorable Linda Lopez
United States District Judge